IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. CR-H-15-654 |
| | § | |
| ROBERTO ENRIQUE RINCON-FERNANDEZ | § § | |

**UNOPPOSED MOTION FOR CONTINUANCE AND
REQUEST FOR ENTRY OF NEW DOCKET CONTROL ORDER**

TO THE HONORABLE GRAY H. MILLER:

Pursuant to Rule 50 of the Federal Rules of Criminal Procedure, the Defendant respectfully moves the Court to continue the trial scheduled for February 1, 2016 and to issue a new docket control order, and respectfully would show as follows:

I.

Defendant was arraigned on December 18, 2015. The Court has ordered motions to be filed by January 5, 2016, only 19 days after arraignment (including the Christmas and New Year's holidays). Trial is set to commence on February 1, 2016 just 46 days after arraignment.

II.

Defendant filed his Waiver of Speedy Trial Limits contemporaneously with this Motion.

III.

The indictment alleges one count of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") under 18 U.S.C. § 371; nine counts of violating the FCPA under 15 U.S.C. § 78dd-2 and 18 U.S.C. § 2; one count of conspiracy to commit money

laundering under 18 U.S.C. § 1956(h); and seven counts of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2.  The factual allegations are complex.  They include alleged bribes of several million dollars paid to foreign officials working for the Venezuelan-state owned and controlled oil company to secure lucrative contracts in Venezuela for Defendant's energy services and equipment business.  The indictment includes conduct allegedly occurring over a six-year period from 2009 through 2014.

IV.

Trial is anticipated to take at least 10 days.  Discovery will be voluminous.  There are many thousands of pages of discovery in this case, including bank account records for several hundred bank accounts located in Switzerland, Panama, and other locales where bribes allegedly were paid.   Defense counsel will need time to determine what, if any, materials are necessary for trial, and may be required to travel to foreign countries to obtain relevant documents and information.  Counsel for Defendant has been working diligently to investigate all pertinent issues in order to file appropriate motions and prepare for trial, but need additional time.

V.

For the reasons discussed above, the undersigned counsel for defendant submits that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) of the Speedy Trial Act, this case is "so complex, due to ... the nature of the prosecution [and] the existence of novel questions of fact [and] law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Act.  Therefore, Counsel request the Court to declare the case complex within the meaning

of 18 U.S.C. § 3161(h)(7)(B)(ii) and make findings that the ends of justice served by granting the requested continuance outweigh the best interests of the public and Defendant in a speedy trial, as provided in 18 U.S.C. § 3161(h)(7)(A).

VI.

Counsel for Defendant has been working with the Government to attempt to narrow the issues in anticipation of trial. This case involves issues and circumstances that are unusual. Therefore, taking into account the exercise of due diligence, counsel is unable to adequate prepare pretrial motions or for the trial itself within just 46 days of arraignment.

VII.

Counsel for Defendant respectfully request that the Court enter a trial setting at a time convenient for the Court, preferably an April, 2016 trial setting. Counsel also request a continuance and a new docket control order so that he may be prepared to commence this trial and render effective assistance of counsel. This motion is made not for delay, but so that justice may be done.

VIII.

Defendant fully understands that any delay of this trial under this request is excludable time under the Speedy Trial Act. He desires to continue the trial date so that his counsel will be prepared to try this case and represent him at trial. He has filed his Waiver of Speedy Trial Limits under 18 U.S.C. §§ 3161-3174.

IX.

Counsel has conferred with the Government and they are unopposed to this Motion. Counsel respectfully prays that the case be continued, and a new docket control order be entered.

Respectfully submitted,

**STRASBURGER & PRICE, LLP**

By: *Samuel J. Louis*
 **SAMUEL J. LOUIS**
 Texas Bar No. 12588040
 909 Fannin, Suite 2300
 Houston, Texas  77010
 (713) 951-5600 – Telephone
 (713) 951-5660 – Facsimile
 sam.louis@strasburger.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT
ROBERTO ENRIQUE RINCON-FERNANDEZ**

## **CERTIFICATE OF CONFERENCE**

Counsel for the Defendant has conferred with Department of Justice Trial Attorney Aisling O'Shea with respect to this motion and the Government is unopposed.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2016, the foregoing has been served on counsel of record by Notice of Electronic filing via CM/ECF, in accordance with the Federal Rules of Criminal Procedure.

> */s/ Samuel J. Louis*
> **SAMUEL J. LOUIS**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. CR-H-15-654** |
| | § | |
| **ROBERTO ENRIQUE RINCON-FERNANDEZ** | § | |
| | § | |

## ORDER

On this the _____ day of _____, 2016 came on to be considered Defendant's Motion for Continuance of Trial and Entry of New Docket Control Order and said Motion is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE