UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION: H-15-654-1 |
| § | |
| ROBERTO ENRIQUE § | |
| RINCON-FERNANDEZ § | |

## UNOPPOSED MOTION FOR RELEASE ON BOND

TO THE HONORABLE GRAY H. MILLER:

COMES NOW, Defendant Roberto Enrique Rincon-Fernandez, by and through undersigned counsel, files this motion pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143 and respectfully request this Court to release him on bond. In support of this motion, Defendant would show as follows:

I.

1. Defendant, Roberto Enrique Rincon-Fernandez, was indicted on December 10, 2015 in the Southern District of Texas for Conspiracy to violate the Foreign Corrupt Practices Act, violations of the Foreign Corrupt Practices Act and Money Laundering. He was arrested on December 16, 2015 in Houston, Texas and made his initial appearance that same day. A temporary order of detention was entered and he was remanded to custody. On December 19, 2015, he appeared for a hearing before United States Magistrate Judge Nancy Johnson regarding release on conditions pending trial. At the conclusion of the hearing, Judge Johnson determined that he posed a flight risk due to his tourist visa status and significant assets and entered an order of detention pending trial.

2. Thereafter, on June 16, 2016, Mr. Rincon-Fernandez entered a plea of guilty to three counts of a Criminal Information and has agreed to a significant forfeiture of assets. Mr. Rincon-

Fernandez proposes a set of conditions that he believes would mitigate any risk of flight and reasonably assures his appearance at all proceedings in this case, and would respectfully request this Court enter an order releasing him on those conditions, and any additional conditions that the Court may deem appropriate.

3. The Government has no objection to Mr. Rincon-Fernandez's request to be released pursuant to these conditions pending his sentencing.

4. Title 18, U.S.C. § 3143(a) provides that "a person who has been found guilty of an offense and is awaiting the imposition or execution of a sentence" may be released if "the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Pursuant to the provisions of sections 3142(b) and (c), the Court can impose a set of conditions that will reasonably assure the appearance of Mr. Rincon-Fernandez as required and protect the safety of any other person and the community. The absence of any criminal record, the non-violent nature of the crimes to which he has pled guilty, his family and community ties in the Houston area and United States, together with the proposed terms of release, represent factors that weigh heavily in support of Mr. Rincon-Fernandez release from custody at this time.

5. Until the instant charges, Mr. Rincon-Fernandez had never been charged in any criminal proceeding and has no criminal history. In addition, the charges to which he has pled guilty are non-violent in nature. Mr. Rincon-Fernandez has been a respected businessman for over 30 years. Mr. Rincon-Fernandez, an engineer by education and training, started his career in the oil field industry in Venezuela in the 1980s and built a substantial and successful company in Venezuela providing oil field equipment and services to many industrial companies, including PDVSA. In 1992 Mr. Rincon-Fernandez opened his first business in Houston and has been doing

business in the United States continuously.  In 2004, he established Tradequip Services and Marine in Houston, Texas.  In 2006, Mr. Rincon-Fernandez and his family moved to the United States and since that time, he has maintained a residence in the Southern District of Texas.  His family includes his wife, Maria Lila Rincon whom he has been married to for over 34 years; son Jose Roberto Rincon, age 30, who is married to a United States citizen; son Ricardo Rincon, age 26, who is a resident alien; son Roberto Rincon, age 26, who is a resident alien and daughter Alexandra Carolina Cautilli Rincon, age 33, who is a resident alien. Mr. Rincon-Fernandez also has three grandchildren who reside in the Southern District of Texas.

6.   Mr. Rincon-Fernandez is the founder and principal shareholder of several companies headquartered in Houston, Texas and surrounding communities.  The government is aware of his ownership of Beltway Industries LLC, the parent company of the following subsidiaries:

    a.    Tradequip Services and Marine, Inc., a Texas corporation;

    b.    Ovarb Industrial, LLC, a Texas limited liability corporation;

    c.    Reliable Process and Instruments, LLC, a Texas limited liability corporation; and

7.   Mr. Rincon-Fernandez also maintains significant ownership interest in real property in the United States.  Mr. Rincon owns and maintains as his residence in Texas a home in a suburb of Houston valued at more than $5 million; another home in Texas valued at more than $1 million and several parcels of commercial property in Texas.

8.   In addition to a compelling set of factors that would mitigate any risk of flight, Mr. Rincon-Fernandez proposes the following conditions of release:

    a.    Defendant shall post a bond of $5 million that is co-signed by his spouse, Maria Lila Rincon and his children, Alexandra Carolina Cautilli Rincon, Roberto Rincon, and Ricardo Rincon.

b. Defendant shall post as collateral, his home located at 85 West Grand Regency Circle, The Woodlands, Texas 77382 valued at more than $5 million.

c. Defendant shall be supervised by the case agents and U.S. Pretrial Services in the Southern District of Texas and shall immediately upon release report to U.S. Pretrial Services.

d. Defendant and his spouse shall surrender their passports to U.S. Pretrial Services.

e. Defendant shall be subject to electronic monitoring, at his own expense, by an ankle bracelet that provides location monitoring services for 24 hours a day, 7 days a week.

f. Defendant shall be subject to home confinement at his residence at 85 West Grand Regency Circle, The Woodlands, Texas 77382.  Defendant may travel from his residence to meet with his legal counsel at their offices; to receive medical care; to attend church services; to other locations within the Southern District of Texas in the custody of the case agents; and as otherwise allowed by U.S. Pretrial Services.  Defendant shall not visit any commercial transportation establishment, including airports, seaports/marinas, and commercial carrier operations of any kind.  Defendant will be subject to any other travel restrictions that U.S. Pretrial Services deems appropriate.

g. Defendant shall avoid all contact, directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to his co-defendant and his co-conspirators.

h. Defendant shall not have access to the three planes in which he has an ownership interest.  The small plane currently located in San Antonio is undergoing

4

maintenance and will be flown to Houston, locked down and sold. The two American aircraft will be placed immediately on exclusive lease with Thunderbird Airways ("Thunderbird"). Thunderbird will have exclusive control of the aircrafts and shall prohibit Defendant's access to the aircraft. Should either Defendant or Thunderbird seek to terminate the lease with respect to either of the two American aircraft, both Defendant and Thunderbird shall provide thirty (30) days' notice of anticipated termination to the Government, U.S. Pretrial Services, and the Court. Should the lease be terminated, Defendant shall arrange to further prohibit his access to the aircraft subject to the Government's satisfaction. The Government and counsel for Defendant shall jointly notify Thunderbird by letter as to its obligations under this condition.

9. Mr. Rincon-Fernandez believes that the conditions set forth above are certainly sufficient to ensure his appearance at all future proceedings in this matter.

10. The Government does not oppose this Motion and agrees to the form and substance of the proposed Order submitted herewith.

11. For the reasons set forth above, Defendant Roberto Enrique Rincon-Fernandez, respectfully requests the Court to grant this Motion and release him pursuant to the above referenced conditions.

    Respectfully submitted,

    /s/ Samuel Louis
    Samuel J. Louis
    Strasburger and Price, LLP
    909 Fannin, Suite 2300
    Houston, TX 77010
    Email: sam.louis@strasburger.com
    Tel.: 713-951-5604
    Fax.: 713-951-5660

/s/ Gary Siller
Gary Siller
Strasburger and Price, LLP
909 Fannin, Suite 2300
Houston, TX 77010
Email: gary.siller@strasburger.com
Tel.: 713-951-5600
Fax.: 713-951-5660


/s/ Jim Lavine
Jim Lavine
Zimmermann and Lavine
770 S. Post Oak, Suite 620
Houston, TX 77056
Email: jim.lavine@zlzslaw.com
Tel.: 713-552-0300
Fax.: 713-552-0746


/s/ Paul Nalven
Paul R. Nalven
576 Fifth Avenue, Suite 1002
New York, NY 10036
Email: nalvenlaw@yahoo.com
Tel.: 212-616-5540

## **CERTIFICATE OF CONFERENCE**

Counsel for the Defendant has conferred with Assistant United States Attorney John Pearson with respect to this motion and the Government is unopposed.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2016, the foregoing has been served on counsel of record by Notice of Electronic filing via CM/ECF, in accordance with the Federal Rules of Criminal Procedure.

/s/ Samuel Louis
**SAMUEL J. LOUIS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION: H-15-654-1 |
| | § | |
| ROBERTO ENRIQUE | § | |
| RINCON-FERNANDEZ | § | |

**ORDER GRANTING UNOPPOSED MOTION FOR RELEASE ON BOND**

On this the _____ day of _____, 2016 came on to be considered Defendant's Unopposed Motion for Release on Bond, pursuant to 18 U.S.C. § 3143 and said Motion is hereby GRANTED. The Defendant shall be released on the terms specified in the Motion, which is restated as follows:

a. Defendant shall post a bond of $5 million that is co-signed by his spouse, Maria Lila Rincon and his children, Alexandra Carolina Cautilli Rincon, Roberto Rincon, and Ricardo Rincon.

b. Defendant shall post as collateral, his home located at 85 West Grand Regency Circle, The Woodlands, Texas 77382 valued at more than $5 million.

c. Defendant shall be supervised by the case agents and U.S. Pretrial Services in the Southern District of Texas and shall immediately upon release report to U.S. Pretrial Services.

d. Defendant and his spouse shall surrender their passports to U.S. Pretrial Services.

e. Defendant shall be subject to electronic monitoring, at his own expense, by an ankle bracelet that provides location monitoring services for 24 hours a day, 7 days a week.

f.      Defendant shall be subject to home confinement at his residence at 85 West Grand Regency Circle, The Woodlands, Texas 77382. Defendant may travel from his residence to meet with his legal counsel at their offices; to receive medical care; to attend church services; to other locations within the Southern District of Texas in the custody of the case agents; and as otherwise allowed by U.S. Pretrial Services. Defendant shall not visit any commercial transportation establishment, including airports, seaports/marinas, and commercial carrier operations of any kind. Defendant will be subject to any other travel restrictions that U.S. Pretrial Services deems appropriate.

g.      Defendant shall avoid all contact, directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to his co-defendant and his co-conspirators.

h.      Defendant shall not have access to the three planes in which he has an ownership interest. The small plane currently located in San Antonio is undergoing maintenance and will be flown to Houston, locked down and sold. The two American aircraft will be placed immediately on exclusive lease with Thunderbird Airways ("Thunderbird"). Thunderbird will have exclusive control of the aircrafts and shall prohibit Defendant's access to the aircraft. Should either Defendant or Thunderbird seek to terminate the lease with respect to either of the two American aircraft, both Defendant and Thunderbird shall provide thirty (30) days' notice of anticipated termination to the Government, U.S. Pretrial Services, and the Court. Should the lease be terminated, Defendant shall arrange to further prohibit his access to the aircraft subject to the Government's satisfaction. The

Government and counsel for Defendant shall jointly notify Thunderbird by letter as to its obligations under this condition.

Signed at Houston, Texas on _____.

_____
UNITED STATES DISTRICT JUDGE